THE WINTERBOTTOM BOOK CLOTH COMPANY, LIMITED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97416. Promulgated February 12, 1941.

*William A. Graham, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

Van Fossan: The purpose of the revenue acts is to raise money for the support of government. By section 231 (a) of the Revenue Act of 1936 [1] Congress intended to provide that amounts received by every foreign corporation, not engaged in trade or business within the United States and not having an office or place of business therein, from sources within the United States as interest and dividends and from various other categories should be taxed for the year 1936 at the rates therein provided. Section 1 of the act provides that the provisions of Title I (which covers income tax and includes section 231 (a)) "shall apply only to taxable years beginning after December 31, 1935." Clearly the act applies to any taxable year beginning thereafter. Petitioner was on the calendar year basis. Thus the act in terms covered any designated income received by it in 1936. Albeit, the act was not approved until June 22, 1936, there is nothing unusual in the fact that the provisions of the act and its taxing scope dated back to the beginning of the year 1936. It seems clear to us that petitioner corporation was explicitly within the intendment of section 231 (a).

Petitioner places chief reliance on the argument, developed at length, that under decided cases the United States is without jurisdiction to impose a tax *in personam* and under the facts is impotent to impose a tax *in rem*. These principles, in their application to the present case, are not as formidable to us as apparently they are to petitioner. The statute purports to tax this foreign corporation. The Commissioner of Internal Revenue has determined that it owes additional taxes by virtue of section 231 of the Revenue Act of 1936. There is no question that the petitioner actually received the income in controversy from sources in the United States. The prayer of the taxpayer's petition is as follows: "Wherefore the petitioner prays that this Board may hear this proceeding and determine that the alleged deficiency in the amount of Fifteen Thousand Forty Five Dollars ($15,045) is not legally collectible and that the legal contentions of the taxpayer be sustained."

---

[1] SEC. 231. TAX ON FOREIGN CORPORATIONS.

(a) NONRESIDENT CORPORATIONS.—There shall be levied, collected, and paid for each taxable year, in lieu of the tax imposed by sections 13 and 14, upon the amount received by every foreign corporation not engaged in trade or business within the United States and not having an office or place of business therein, from sources within the United States as interest (except interest on deposits with persons carrying on the banking business), dividends, rents, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income, a tax of 15 per centum of such amount, except that in the case of dividends the rate shall be 10 per centum, and except that in the case of corporations organized under the laws of a contiguous country such rate of 10 per centum with respect to dividends shall be reduced to such rate (not less than 5 per centum) as may be provided by treaty with such country.

575

The Board of Tax Appeals is an independent agency in the executive branch of the Government. Although it has judicial powers, it also has certain specific duties and functions. In *Capital Building & Loan Association*, 12 B. T. A. 349, it was stated:

Section 907 (b) of the Revenue Act of 1924, as amended by section 1000 of the Revenue Act of 1926, makes it the duty of the Board to make a decision in each case before it. It contemplates a decision on the merits except where the proceeding is dismissed, in which case the Board is required to enter a decision that the deficiency is the amount determined by the Commissioner. * * * When, however, we read the provisions of the Act as a whole, it seems clear to us that either party has the right to insist that the Board shall enter an order redetermining the deficiency, either on the merits or on default.

The Board is not concerned with the difficulties that may beset the Commissioner in collecting a deficiency in tax after redetermination. Our primary function is to determine the correct deficiency, if any, leaving to the Commissioner the enforcement or collection thereof. Here petitioner filed a return and Commissioner, on audit, determined a deficiency. Petitioner filed a petition invoking our jurisdiction. The Commissioner duly answered. The proceeding came on for hearing and was submitted on stipulated facts, admitting receipt of the dividends in question. In this posture of the proceeding it seems clear to us that our first duty is to redetermine the deficiency. This we do by holding that the Revenue Act of 1936 applied to any income received after December 31, 1935, and that, accordingly, it applied to the two dividends received by petitioner.

Petitioner also stresses the argument that under the facts here present, i. e., the payment of the dividends prior to July 2, 1936, (that being the tenth day after the enactment of the Revenue Act of 1936) and the transmission of the dividends abroad, the United States is impotent under section 144[2] to enforce collection. Wherefore, the tenor of its prayer above quoted. In our opinion, petitioner's counsel overlooks certain basic considerations. Section 144 is not a tax-

[2] SEC. 144. PAYMENT OF CORPORATION INCOME TAX AT SOURCE.

(a) GENERAL RULE.—In the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 143 a tax equal to 15 per centum thereof, except that in the case of dividends the rate shall be 10 per centum, and except that in the case of corporations organized under the laws of a contiguous country such rate of 10 per centum with respect to dividends shall be reduced to such rate (not less than 5 per centum) as may be provided by treaty with such country; and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section; *Provided,* That in the case of interest described in subsection (a) of that section (relating to tax-free covenant bonds) the deduction and withholding shall be at the rate specified in such subsection.

(b) WITHHOLDING BEFORE ENACTMENT OF ACT.—Notwithstanding the provisions of subsection (a), the deduction and withholding for any period prior to the tenth day after the date of the enactment of this Act shall be upon the items of income and at the rates prescribed in section 144 of the Revenue Act of 1934, as amended, in lieu of the items and rates prescribed in such subsection.

levying section but a tax-collecting section. The provisions for withholding income at the source were inserted to facilitate and implement collection. Section 231 levies a tax on foreign corporations receiving income from sources within the United States in 1936 and section 144 provides a convenient and practical means of collecting the same. It is not exclusive of any other means of collection available to the Commissioner.

The reason behind section 144 (b) is obvious. It was intended by this section to release the withholding agent from liability for failing to withhold at the new rate income due a foreign corporation during the period prior to 10 days after the enactment of the act. The injustice of a contrary provision requires neither demonstration nor example. But this provision for the protection of the withholding agent was not a limitation of the provisions of section 231, which levied the tax on the foreign corporation itself. Petitioner was liable for the tax on all amounts received from the specified sources during the entire year, irrespective of the release of the withholding agent.

Respondent's regulation (art. 235-2, Regulations 94), that the foreign corporation "shall pay the balance of the tax shown to be due" is fair and reasonably interprets the Congressional mind.

Reviewed by the Board.

*Decision will be entered for the respondent.*

LEECH concurs only in the result.