DONALD R. TAUER and SANDRA K. TAUER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tauer v. Commissioner
Docket No. 6585-77.
United States Tax Court
T.C. Memo 1979-5; 1979 Tax Ct. Memo LEXIS 521; 38 T.C.M. (CCH) 13; T.C.M. (RIA) 79005; January 3, 1979, Filed *521 Ps' petition contained no allegations of error in the deficiencies or additions to tax determined by the Commissioner. At a hearing in the case, Ps refused to contest the merits of the Commissioner's determinations. Held, the Commissioner's motion to dismiss for failure to state a claim upon which relief can be granted is granted. Donald R. Tauer, pro se. Deborah A. Butler, for the respondent. *522 SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' 1975 Federal income tax: Additions to Tax
Sec. 6651 (a)
Sec. 6653 (a) Petitioner
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
Donald K. Tauer
$ 2,706.59
$ 144.42
$ 135.33
Sandra R. Tauer
2,706.59
144.42
135.33
The petitioners, Donald R. Tauer and Sandra K. Tauer, husband and wife, resided at Plano, Tex., at the time they filed their petition in this case. On April 15, 1976, the petitioners filed a joint Form 1040 in which they included their names, address, social security numbers, occupations, dependents, and approximately $ 40 in dividends. The remaining entries on the return were objected to on the basis of the Fourth and Fifth Amendments to the Constitution or were answered "NONE" or "0." Using the petitioners' 1975 W-2s and 1974 Federal income tax return, the Commissioner reconstructed their incomes and deductions for 1975 and issued deficiency *523 notices to each of them on March 30, 1977. On June 27, 1977, the petitioners filed a joint petition with this Court in which they contested the deficiency determinations based on a whole host of legal, equitable, statutory, and constitutional grounds. In his answer, which was filed on August 26, 1977, the Commissioner generally denied all of the allegations in the petition. On October 5, 1977, the petitioners filed an amended petition, which, including attchments, totaled nearly 200 pages. In their amended petition, the petitioners claimed that they had filed a lawful 1975 Federal tax return, that to require more information than what they included in their Form 1040 violated their Fifth Amendment rights against self-incrimination, that the issuance of the deficiency notices violated due process of law inasmuch as it forced them to become petitioners in the Tax Court, and that they are entitled to a trial by a jury. Neither the original nor the amended petition contains allegations of specific errors committed by the Commissioner in his determination of deficiencies and additions to tax. On June 5, 1978, the Commissioner was granted leave to file a motion to dismiss for *524 failure to state a claim upon which relief can be granted. Such motion was duly filed, and on October 23, 1978, a hearing was held on such motion. At such hearing, the petitioners asked to withdraw their petition and stated that they received no income because Federal Reserve notes are not legal tender. The Court informed the petitioners that their arguments were without merit and urged them to address the merits of the Commissioner's determinations. However, the Court's suggestions were dismissed as "legal nonsense," and the petitioners reiterated their positions. Except as otherwise provided by statute or determined by this Court, the petitioners bear the burden of proving that the Commissioner's deficiency determinations are erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). In addition, the petitioners must also prove they do not owe the additions to tax under sections 6651(a) and 6653(a). Vaira v. Commissioner,444 F. 2d 770 (3d Cir. 1971), affg. on this issue 52 T.C. 986 (1969); Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Bixby v. Commissioner,58 T.C. 757 (1972); *525 Rosano v. Commissioner,46 T.C. 681 (1966). Here, the petitioners have not, in either of their petitions, contested the merits of the deficiency determinations, nor have they questioned the merits of the additions to tax under section 6653(a). They do object to the imposition of the additions to tax under section 6651(a), because they claim they filed a tax return. However, under section 6012, it is clear that the petitioners were required to file a tax return containing information sufficient to compute their income and deductions; it is likewise clear that in this case a Form 1040 which discloses no information other than the petitioners' names, address, social security numbers, occuptations, dependents, and approximately $ 40 in dividend income does not constitute a "return" within the meaning of section 6012. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Hatfield v. Commissioner,supra at 898; Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). Hence, the petitioners did not file, nor did they offer any explanation for failing to file, their 1975 tax *526 return. Sec. 6651(a); see Electric & Neon, Inc. v. Commissioner,56 T.C. 1324 (1971), affd. without opinion 496 F. 2d 876 (5th Cir. 1974); Zivnuska v. Commissioner,33 T.C. 226, 239 (1959); Estate of Derby v. Commissioner,20 T.C. 164, 170 (1953). Accordingly, the deficiency determinations and the additions to tax under sections 6651(a) and 6653(a) must be sustained. The petitioners contend that they have been forced to become petitioners in this case, that they are entitled to a jury trial by a Federal common law court, that Federal Reserve notes are not legal tender, that their Fourth and Fifth Amendment rights have been violated, and that they are entitled to withdraw their petition. [2]
In Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971), we held the United States Tax Court to be constitutionally *527 created and empowered to exercise the jurisdiction conferred upon it by Congress. The issuance of deficiency notices did not force the taxpayers to become petitioners in the Tax Court; if they did not wish to litigate their tax controversy before this Court, they could have paid the deficiency and filed suit for a refund in the United States District Court or the United States Court of Claims. See Judiciary and Judicial Procedure, 28 U.S.C. secs. 1340, 1346, 1491 (1970); see also sec. 7422. Furthermore, the petitioners have no right to a trial by jury in the Tax Court ( Olshausen v. Commissioner,273 F. 2d 23, 27 (9th Cir. 1959), affg. on this issue a Memorandum Opinion of this Court, cert. denied 363 U.S. 820 (1960); Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. at 86), and once the petitioners have elected to contest the deficiency determinations by invoking this Court's jurisdiction, "any deprivation of a jury trial is due to * * * [their] own act." Cupp v. Commissioner,65 T.C. at 86. In addition, it has been repeatedly held that Federal Reserve *528 notes constitute legal tender which must be reported on a taxpayer's return in accordance with his method of accounting; and the courts have uniformly rejected, in a summary fashion, all arguments to the contrary. Hatfield v. Commissioner,68 T.C. at 897, and the cases cited therein. Moreover, we find no merit in the petitioners' Fourth and Fifth Amendment objections. Though they do not state the specific bases for their objections, it is clear that the requirement of filing a tax return and the Commissioner's reconstruction of their incomes in this case have, in no manner, violated the petitioners' Fourth and Fifth Amendment rights. See Cupp v. Commissioner,65 T.C. at 81-82, and the cases cited therein. Finally, the law is established that once a petition is filed with this Court, the petitioner cannot unilaterally withdraw such petition. The reason for the rule was stated in Capital Building & Loan Association v. Commissioner,12 B.T.A. 349, 350 (1928), as follows: When a proceeding is instituted before this * * * [Court] there come into being other rights than that of the petitioner to secure a redetermination of his *529 tax liability. The filing of a petition imposes certain restrictions upon the respondent in the assessment and collection of the tax. It may affect the period of limitations on assessment or collection and the right of the Commissioner to thereafter increase the tax. It also creates in the respondent the right to set up a demand that the deficiency should be increased. See also Winterbottom Book Cloth Co., Ltd. v. Commissioner,43 B.T.A. 572, 575 (1941). In summary, the petitioners have failed in their petition to set forth a claim upon which relief can be granted, despite the fact that the Court has provided them with repeated opportunities to do so; accordingly, the Commissioner's motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.↩
2. Although the petitioners raised numerous other objections in their original petition, they did not raise such arguments in their amended petition or during the trial of this case; thus, we consider them to have been abandoned. See Hatfield v. Commissioner, supra.↩