PAUL K. HOFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoffman v. Commissioner
Docket Nos. 10672-76, 4075-77.
United States Tax Court
T.C. Memo 1979-124; 1979 Tax Ct. Memo LEXIS 401; 38 T.C.M. (CCH) 563; T.C.M. (RIA) 79124; April 4, 1979, Filed Paul K. Hoffman, pro se. Theodore F. Brill, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined deficiencies in petitioner's income tax and additions to tax as follows: Addition to Tax, Year
Deficiency
Sec. 6653(a)
1974 $ 864.87
$ 43.24
1975
5,198.82
259.94
Petitioner Paul K. Hoffman resided in Nashville, Indiana, at the time the petitions herein were filed. Petitioner filed income tax returns for the years 1974 and 1975. The 1975 return was filed with the Memphis Service Center, Memphis, Tennessee. For the year 1974, petitioner originally filed a joint return with his wife, Madeline B. Hoffman, dated March 10, 1975. Among other items, petitioner and his *402 wife claimed two personal exemptions (one for each), deducted employee business expenses in the amount of $2,937.86, and itemized deductions totaling $1,652.93.Attached to the return were a W-2 and a W-2P form showing that petitioner Paul K. Hoffman received income in the amount of $19,070.57 in 1974. Petitioner filed a second return for 1974, dated July 7, 1976. Across the top of the first page of this return (on Form 1040) there were typed the words "Petition FOR REDRESS OF GRIEVANCES". On this return, petitioner's name alone appeared as the taxpayer, and only he signed the return. Moreover, he placed an "X" in the box on the return indicating that he elected the filing status "Married filing separately". Petitioner claimed two personal exemptions (for himself and his wife) and sought a refund of $183.13. Petitioner did not answer most of the questions on the return concerning his income and deductions. He objected to the questions that were not answered on Fourth and Fifth Amendment grounds. Appended to the return were a number of attachments relating to constitutional questions, federal reserve notes, and other subjects, including graphically illustrated materials in *403 opposition to abortion. In respect of 1974, the Commissioner treated the second return as an amended return. He rejected the claim for refund and disallowed the personal exemption for petitioner's wife claimed thereon. The employee business expenses and itemized deductions claimed on the first return were also disallowed. These actions were taken because of petitioner's failure to respond to inquiries concerning his return. Petitioner's tax was recomputed using the tax tables, married filing separately rates, and taxable income as set forth in the first return, adjusted to account for the disallowances previously described.Finally, the Commissioner asserted an addition to tax under section 6653(a), I.R.C. 1954, for negligence or intentional disregard of the rules. For the year 1975, petitioner filed a return (on Form 1040) on which he elected married filing separately status, claimed two personal exemptions (for himself and his wife), and sought a refund of taxes withheld in 1975. Petitioner's wife did not sign the 1975 return. The words "PETITION FOR REDRESS OF GRIEVANCES" were typed across the top of this return. The return contained numerous Fourth and Fifth Amendment *404 objections to questions concerning petitioner's income, deductions and credits. No information concerning petitioner's income was provided on the return itself. Petitioner did, however, attach to his return a W-2 and a W-2P form showing that he received income in the amount of $20,180.72 in 1975. In respect of 1975, the Commissioner determined that petitioner received income in the amount shown on his W-2 and W-2P forms. The personal exemption for petitioner's wife was disallowed on the ground that it was not established that she met the requirements of section 151. Petitioner's tax was computed under the married filing separately rates, and he was allowed the standard deduction and personal exemption credit. The Commissioner also asserted a section 6653(a) addition to tax for 1975. The Commissioner served on petitioner requests for admissions under Rule 90 in respect of both 1974 and 1975. Petitioner filed no responses within the time specified in Rule 90(c), Tax Court Rules of Practice and Procedure. Accordingly, petitioner is deemed to have admitted that he received the following amounts of income: Year
Source
Amount
1974
Gibraltar Mausoleum Corp.
$10,205.87
1974
U.S. Air Force Retirement Pay
8,864.70
1975
Country Club of Brown County
10,175.00
1975
U.S. Air Force Retirement Pay
10,005.72
*405 Each of these receipts corresponds to an amount shown on a W-2 or a W-2P form issued to petitioner by the respective payor. At trial, petitioner presented no evidence to challenge the amount of the deficiencies determined by the Commissioner for 1974 and 1975. Except as provided by statute or as determined by this Court, petitioner bears the burden of proving that the Commissioner's deficiency determinations are erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Since petitioner presented no evidence that respondent erred, the Commissioner's deficiency determinations are sustained.See, e.g., Wilkinson v. Commissioner, 71 T.C. (January 25, 1979). [1]
*406 Petitioner also has the burden of proving that he does not owe the additions to tax determined by the Commissioner under section 6653(a). Vaira v. Commissioner,444 F. 2d 770, 777 (3rd Cir. 1971), affirming on this issue 52 T.C. 986 (1969); Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner presented no evidence to rebut the Commissioner's section 6653(a) determinations, and they are hereby sustained. Several weeks after trial, petitioner filed a motion for summary judgment based on the theory that the deficiencies and additions to tax for both years were arbitrarily determined because the Commissioner refused to execute a sworn affidavit certifying their correctness. [2] Apart from the inappropriateness of filing a motion for summary judgment after trial, petitioner's motion is wholly without merit; it will be denied. There is no requirement that a notice of deficiency be accompanied by affidavit, see Rice v. Commissioner,T.C. Memo. 1978-334, 37 T.C.M.    , 1978 P-H Memo. T.C. par. 78,334; cf. Commissioner v. Forest Glen Creamery Co.,98 F. 2d 968, 971 (7th Cir. 1938), *407 nor is there any requirement that an affidavit later be produced by the Commissioner. Since the burden of proof is on petitioner in respect of the additions to tax, we also reject his argument that the additions may not be imposed unless the Commissioner proves, by affidavit or otherwise, the correctness of the underlying deficiencies. In his petition for 1975, petitioner alleged various procedural irregularities by the Commissioner, but he did not present any evidence in support of these claims. Therefore, we need not express an opinion concerning the possible legal significance, if any, of these unsupported allegations. Finally, petitioner attacks on constitutional, statutory and equitable grounds the legality of the United States' monetary system, *408 this Court, the burden of proof rules and other matters concerning our system of income taxation. Similar contentions have been rejected unanimously by the courts, and must now be regarded as frivolous. See, e.g., United States v. Schmitz,542 F. 2d 782, 783-784 (9th Cir. 1976), cert. denied 429 U.S. 1105 (1977); Wilkinson v. Commissioner,supra, 71 T.C. (January 25, 1979); Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3rd Cir. 1977). [3]
Decisions will be entered for the respondent.
Footnotes
1. Petitioner complains of the "arbitrary" disallowance of the personal exemptions for his wife.However, since petitioner chose to file separate returns, and since he presented no evidence that his wife satisfied the gross income and dependency requirements of section 151(b), we reject petitioner's argument. Section 151(b) provides that a married taxpayer is entitled to -- [an] exemption of $750 for the taxpayer; and an additional exemption of $750 for the spouse of the taxpayer if a joint return is not made by the taxpayer and his spouse, and if↩ the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer. (Emphasis added.)
2. At trial, petitioner agreed to pay whatever amount counsel for the respondent would certify by sworn affidavit was correct. In response to our question, respondent's counsel orally confirmed the correctness of the 1974 and 1975 deficiency determinations. He went on to indicate that petitioner's prepared affidavits were inaccurate because they did not include any provision for petitioner's section 6653(a)↩ liabilities.
3. See also Crowder v. Commissioner,T.C. Memo. 1978-273; Tauer v. Commissioner,T.C. Memo. 1979-5↩.