DONALD G. WHARTON AND CANDYCE F. WHARTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wharton v. Commissioner
Docket No. 2648-80.
United States Tax Court
T.C. Memo 1980-253; 1980 Tax Ct. Memo LEXIS 330; 40 T.C.M. (CCH) 668; T.C.M. (RIA) 80253; July 16, 1980, Filed Donald G. Wharton, pro se. Deborah A. Butler and Carolyn Boyer, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for *331 the purpose of conducting the hearing and ruling on respondent's motion to dismiss based upon failure to state a claim upon which relief can be granted filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
Opinion of the special trial judge/ CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss based upon failure to state *332 a claim upon which relief can be granted filed on April 11, 1980, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.[2]
Respondent, in a separate individual notice of deficiency issued to each petitioner on November 28, 1979, determined a deficiency in each petitioner's Federal income tax and additions to the tax for the calendar year 1977 in the following respective amounts: Donald G. Wharton
Additions to Tax, IRC 1954 [3]
Year
Income Tax
Sec.6651(a)
Sec.6653(a)
Sec.6654(a)
1977
$2,237.24
$559.31
$111.86
$79,51
Candyce F. Wharton
Additions to Tax, IRC 1954
Year
Income Tax
Sec.6651(a)
Sec.6653(a)
Sec.6654(a)
1977
$991.00
$247.75
$49.55
$35.22
Petitioners resided at 101 Minnie Drive, Itasca, Texas, on the date the petition herein was filed, [4] which date was within the 90-day period prescribed by section 6213(a). Petitioner, Donald G. Wharton, filed with the Internal Revenue *333 Service's Southwest Service Center, a Form 1040, U.S. individual income tax return, for the calendar year 1977 which contained thereon his name, address, and filing status. The only income adjustment determined by respondent was for $15,775.13 received from the General American Life Insurance Company in 1977, ostensibly by Donald G. Wharton, none of which was reported on any income tax return filed for that year. One-half of that amount was taxed to each petitioner in his respective notice of deficiency. [5]
While the petition is captioned in the names of both petitioners, it is signed only by Donald G. Wharton. By Order dated April 17, 1980, a copy of which was served on petitioners the following day, the Court gave petitioners until May 9, 1980, to file a proper amended petition in accord with Rule 50(d). [6] No amended petition has been filed. *334 Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiency, and no facts in support of such error are extant therein. Rather, petitioner consumes his entire petition raising, in the main, a plethora of constitutional arguments. Therein we are further advised, interalia, that-- 1. "* * * Your Petitioners assert that they decline all burden of proving anything and will defend any charge the service cares to bring against them in any court of law before a jury." 2. "Petitioners, by invoking the jurisdiction of this court based on international agreement, have given notice that they consider any act of dismissal of this petition as well as any act of this court to deny them a court of law, complete with jury, to be a violation *335 redressable by the United Nations and will act accordingly [sic]." [7]
3. Finally, petitioners are uninfranchised private individuals and, as such, have been granted no equitable priviledge which would imbue this tribunal with the power to reduce, disparage and/or eliminate any one of their basic rights under the U.S.Bill of Rights. It is clear beyond doubt that the multitude of constitutional, legal, equitable, and moral arguments advanced by petitioner are frivolous and without merit. All of the contentions he has raised have been fully discussed (adversely to petitioner's contentions) in numerous prior opinions of this and other courts. On this very point, which is totally pertinent to this case, in Hatfield v. Commissioner, 68 T.C. 895, 899 (1977), we had this to say-- In recent times, this *336 Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Here petitioner bears the burden of proving that the Commissioner's deficiency determination is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); and he must also prove that he does not owe the additions to tax under sections 6651(a), 6653(a), and 6654(a). Ehrlich v. Commissioner, 31 T.C. 536, 540 (1958); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Hollman v. Commissioner, 38 T.C. 251, 263 (1962). He has not met his burden with respect to any of *337 respondent's determinations. [8] The document filed as a petition is not in conformance with this Court's Rules of Practice and Procedure and does not state a claim upon which we can grant any relief. The absence in the petition of specific allegations of error and of supporting facts permits this Court to grant respondent's motion. Rule 123(b); cf. Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958); Weinstein v. Commissioner, 29 T.C. 142 (1957). On this record we are compelled to sustain respondent's determinations as to petitioner, and as to him respondent's motion is granted. An appropriate order of dismissal and decision will be entered. Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on May 21, 1980. Neither Donald G. Wharton nor Candyce F. Wharton appeared nor did they file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum in support of his motion were served on petitioners on April 18, 1980.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. The document filed as a petition is entitled "Sworn Affidavit Petition for Redress of Grievance; Response Demanded Under Oath."↩
5. Texas is a community property state.↩
6. The record is clear that respondent issued his notice of deficiency to Candyce F. Wharton at her LAST KNOWN ADDRESS. Sec. 6212. It is equally clear that no document signed by her purporting to be a petition was filed with this Court within the time prescribed by statute. Sec. 6213(a). Indeed, no document has been filed signed by her intended to contest respondent's deficiency determinations. Accordingly, she is not a proper party to this case, and this case insofar as it applies to her will be dismissed for lack of jurisdiction. Donald G. Wharton will be referred to hereinafter as petitioner.↩
7. Petitioner is no stranger to this Court, having been before it with respect to his 1973 and 1974 taxable years under remarkably similar circumstaces. See Wharton v. Commissioner, T.C. Memo. 1978-319↩, wherein respondent's motion to dismiss the petition for failure to state a claim upon which relief can be granted was granted by the Court.
8. See, Tauer v. Commissioner, T.C. Memo. 1979-5; Rice v. Commissioner, T.C. Memo. 1978-334↩.