OPINION. Black, Judge: As has already been stated, at the trial of these consolidated proceedings petitioners did not appear in person but appeared by counsel. They offered no evidence in support of their assignments of error contesting the correctness of the Commissioner’s determinations of the tax in his deficiency notices. It is, of course, well understood that the determination of the tax by the Commissioner is presumed to be correct and where the taxpayer offers no evidence to establish that the Commissioner’s determination is in error, it will be sustained because of the presumption of its correctness. This rule of law was recognized by petitioners’ counsel at the trial. We, therefore, sustain the Commissioner’s determination of the deficiencies in tax of each of the petitioners for each of the taxable years. For one of the taxable years, 1946, petitioners filed no returns. Because of such failure to file returns for that year the Commissioner determined additions to tax against each, petitioner under section 291 (a). To this action of the Commissioner each petitioner assigned error, as follows: (e) The Commissioner erroneously determined that the petitioner is liable for a penalty of 26% of the tax for the year 1946 under the provisions of Section 291 (a) of the 1939 Internal Revenue Code. However, petitioners offered no evidence at the hearing giving any explanation as to why they failed to file income tax returns for the year 1946. The statute does not impose any burden of proof on the Commissioner to sustain his determination of additions to tax under section 291 (a). Therefore, the Commissioner’s determination as to additions to tax under section 291 (a) is sustained for lack of any evidence to show that petitioners’ failure to file returns for 1946 was due to reasonable cause and not due to willful neglect. The Commissioner also, in his deficiency notice, determined against each petitioner additions to tax under section 294 (d) (2) for the taxable years 1945, 1946, and 1947. The situation with reference to these additions to tax is substantially the same as that which relates to the addition to tax under section 291 (a) discussed above. Petitioners have offered no evidence whatever in contest of the Commissioner’s determination. Therefore, it is approved for lack of any evidence to show its incorrectness. As has already been stated, the sole question contested at the trial was whether or not the deficiency of petitioners for each of the years involved was due in whole or in part to fraud on the part of petitioners with intent to evade the payment of tax. The forms which the fraudulent actions of a taxpayer may take in his attempts to evade his share of the tax liabilities are numerous. The purpose and intent of his actions are seldom the object of direct evidence. Rather, all actions incident to the false returns and evasion must be considered. From these the fraudulent intent may be deduced. M. Rea Gano, 19 B. T. A. 518 (1930); Joseph V. Moriarity, 18 T. C. 327 (1952), affd. (C. A. D. C., 1953) 208 F. 2d 43. While the burden is placed by the statute and court authorities upon the Commissioner to prove fraud by clear and convincing evidence, this proof, as stated above, must necessarily, in many cases, be indirect. It must be gleaned from all circumstances of the petitioner’s conduct. One of these circumstances is the understatement of income by the taxpayer. This is particularly true if the understatement follows a pattern over a period of years. In Arlette Coat Co., 14 T. C. 751, 756 (1950), we said: Where over a course of years an intelligent taxpayer and business man has received income in substantial amounts, as shown by this record, and has failed to report that income, and where no books or records were kept by him and no tenable explanation was offered for the failure to report the income received, the burden of the respondent, in our judgment, is fully met. We think this conclusion is amply supported by authority. * * * We are convinced by the evidence introduced by respondent at the trial that petitioners, in their returns for 1944,1945, and 1947, understated their income and that this understatement followed a pattern over a period of years. It is impossible to believe that petitioners could have done this innocently and in good faith. In 1946, although they had very substantial amounts of net income, they filed no returns at all. At the trial petitioners did not appear and give any reason for their failure to file returns for 1946. It is clear they knew they should have filed returns for 1946. They also falsified their accounts and attempted to conceal their income by methods of bookkeeping. Therefore, upon the facts set forth in our Findings of Fact we made an ultimate finding that “ [p] art of the deficiency in each of the taxable years is due to fraud with intent to evade tax.” That finding has the effect of sustaining the Commissioner’s determination of additions to tax for fraud under section 293 (b). We so hold. Decisions will be entered for the respondent.