RAY A. HERSHBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hershberger v. Commissioner
Docket No. 9272-76.
United States Tax Court
T.C. Memo 1979-522; 1979 Tax Ct. Memo LEXIS 5; 39 T.C.M. (CCH) 811; T.C.M. (RIA) 79522; December 31, 1979, Filed *5 Held: Respondent's deficiency determination sustained. Held further: Respondent's determination of additions to tax under secs. 6651(a)(1), 6653(a), and 6654(a) sustained. Ray A. Hershberger, pro se. Mary Helen Weber, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income taxes against petitioner for 1973 in the amount of $869.60, [1] and additions to tax under sections 6651(a)(1), [2] 6653(a), and 6654(a) in the amount of *6 $105.70, $43.48, and $9.95, respectively. The issues for decision are as follows: (1) Whether respondent erred in determining the deficiency asserted herein; and (2) Whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a), and 6654(a). FINDINGS OF FACT The parties stipulated orally as to certain exhibits; the oral stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioner resided in Dundee, Ohio. Petitioner sent a 119-page document to respondent's Cleveland, Ohio, office. The first page of the document is a printed Form 1040 for 1973 signed by petitioner and dated April 15, 1974. This Form shows petitioner's name, address, social security number, and filing status (married filing separately). On various lines *7 of the Form are notations such as "OBJECT 5 AMENDT", "OBJECT 4TH AMENDT", and "OBJECT ART. 1 SECT. 9 PAR. 4". The remaining pages of the document consist of copies of various excerpts from the United States Constitution, copies of statutes and court decisions, and copies of newspaper and newsletter articles. No part of the 119-page document reflects any information from which petitioner's income tax liability could be computed. In the notice of deficiency, respondent determined that petitioner's income included the following amounts: (1) $3,291.43 in wages received by petitioner from Jack's Sohio, Wilmot, Ohio; (2) $24.75 in interest on two savings accounts at the Beach City Banking Company; (3) $2,330 in deposits, out of a total $3,623.52 in deposits, made to petitioner's checking account at Beach City Banking Company; and (4) $645 received by petitioner from ABD Construction. In determining which deposits made to petitioner's checking account constituted income, respondent excluded amounts which respondent concluded were traceable to the savings accounts, to petitioner's wages from Jack's Sohio, to a posting error, or to some other nontaxable source. On the basis of the exhibits *8 stipulated into evidence, we find that petitioner received $3,291.43 in wages from Jack's Sohio, and $12.23 in interest on a savings account (No. 6593) at the Beach City Banking Company in which petitioner had an interest; $12.52 in interest was credited to a savings account (No. 10154) in the name of Ray Allen Hershberger at the Beach City Banking Company; and deposits totaling $3,623.52 were made to petitioner's checking account at Beach City Banking Company. OPINION 1. Deficiency in Income Tax
Apart from the stipulations referred to in our findings, petitioner presented no evidence. Instead, he relies on a number of constitutional arguments, with all of which we disagree. Petitioner has the burden of proving error in respondent's determination of taxable income. Welch v. Helvering, 290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure. Such evidence as was stipulated tends to support respondent's determinations; none of it contradicts respondent's determinations. Petitioner has failed to sustain his burden of proof. Estate of Mason v. Commissioner, 64 T.C. 651 (1975), affd. 566 F.2d 2 (CA6 1977); *9 Jones v. Commissioner, 29 T.C. 601, 613-614 (1957). In his petition, petitioner's only assignment of error is "I swear that I have received no U.S. dollars or no money of account of the U.S. since 1970." Neither at trial nor on brief does petitioner refer to this objection. We assume that petitioner has abandoned this complaint, whatever it was intended to be. We note in passing that Federal Reserve notes are "money" and that contentions to the contrary in cases such as these are, by now, regarded as frivolous. E.g., Hatfield v. Commissioner, 68 T.C. 895, 897 (1977), and cases cited therein. At trial, petitioner refused to testify, expressing the concern that testifying would constitute a waiver of his right against self-incrimination under the Fifth Amendment to the United States Constituion. [3] Nothing in the record in this case warrants us in concluding that any foundation exists for a claim of such a right. See Rockwell v. Commissioner, 512 F.2d 882, 887 (CA9 1975), affg. a Memorandum Opinion of this Court. [4] See also Hartman v. Commissioner, 65 T.C. 542, 547 (1975); Roberts v. Commissioner, 62 T.C. 834, 838 (1974). *10 Petitioner offered to testify if granted immunity from criminal prosecution and on brief asks the Court to order respondent to grant transactional immunity to petitioner. We see no basis for doing so. Hartman v. Commissioner, 65 T.C. at 547. 2. Additions to Tax
Petitioner has the burden of proving error in respondent's determination that additions to tax should be imposed under section 6651(a)(1) [5]( Ehrlich v. Commissioner, 31 T.C. 536, 540 (1958)), section 6653(a) [6]( Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972)), *11 and section 6654(a) [7]( Hollman v. Commissioner,38 T.C. 251, 263 (1962)). *12 Under settled law, the document sent to respondent by petitioner, a document from which petitioner's income tax liability cannot be computed, is not an income tax return for purposes of section 6651(a)(1). Hatfield v. Commissioner, 68 T.C. at 898; Cupp v. Commissioner, 65 T.C. 68, 78-80 (1975), affd. without published opinion 559 F.2d 1207 (CA3 1977). See Commissioner v. Lane-Wells Co., 321 U.S. 219, 222-224 (1944); United States v. Daly, 481 F.2d 28, 29-30 (CA8 1973); United States v. Porth, 426 F.2d 519, 523 (CA10 1970). Petitioner argues that reasonable cause for not filing his income tax return existed, and argues that his failure to pay the tax was not negligent or in intentional disregard of rules and regulations, on the ground that he was presenting constitutional objections. This argument is without merit; efforts to vindicate asserted constitutional rights do not automatically excuse failures to satisfy one's legal obligations. Se in particular United States v. Daly, 481 F.2d at 30. Also, mere assertions on brief do not help petitioner carry his various *13 burdens of proof on this record. See Rule 143(b), Tax Court Rules of Practice and Procedure.[8]
Petitioner's argument as to purpose is irrelevant to the addition to tax under section 6654(a). Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960); sec. 1.6654-1(a)(1), Income Tax Regs.
Petitioner has failed to introduce any evidence indicating that respondent erred in determining that additions to tax should be imposed under sections 6651(a)(1), 6653(a), and 6654(a).
We conclude that sections 6651(a)(1), 6653(a), and 6654(a) apply. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. In the notice of deficiency, respondent concedes that if the deficiency determination is sustained, then petitioner should be allowed a credit for income tax withheld in the amount of $446.80. ↩
2. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩
3. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation. ↩
4. T.C. Memo. 1972-133↩.
5. SEC 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to wilful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ↩
6. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A * * * (relating to income taxes * * *) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
7. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTAMATED INCOME TAX. (a) Addition to the Tax.--In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 * * * for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the under-payment (determined under subsection (c)).↩
8. RULE 143. EVIDENCE * * *
(b) Ex Parte Statements: Ex parte affidavits, statements in briefs, and unadmitted allegations in pleadings do not constitute evidence. As to allegations in Pleadings not denied, see Rules 36(c), 37(c) and (d).↩