ARTHUR LOUIS LeBEAU, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ART LeBEAU AND ASSOCIATES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Le Beau v. Commissioner
Docket Nos. 12316-77, 12318-77.
United States Tax Court
T.C. Memo 1980-570; 1980 Tax Ct. Memo LEXIS 15; 41 T.C.M. (CCH) 607; T.C.M. (RIA) 80570; December 23, 1980
Arthur Louis LeBeau, pro se. Robert P. Edler, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: In these consolidated cases, respondent determined the following deficiencies and additions to tax: Arthur L. LeBeau, Jr.Docket No. 12316-77
Additions to Tax
Taxable
Sec. 6651(a),
Sec. 6653(a),
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
1972
$ 427.36
$ 127.50
$ 113.94
1973
1,976.10
197.67
127.97
1974
317.32
0
91.08
Art LeBeau & Associates, Inc.Docket No. 12318-77
Taxable Year
Additions to Tax
Ending
Sec. 6651(a),
Sec. 6653(a),
Sept. 30
Deficiency
I.R.C. 1954
I.R.C. 1954
1971
$ 2,543.17
$ 635.79
$ 127.15
1972
11,085.95
2,771.49
554.30
1973
6,845.89
1,711.47
342.29
1974
2,979.08
297.90
148.95
Generally, the issues for decision are factual and are (1) the amount of gross receipts and income of the petitioners, (2) the amount of *17 business expense and itemized deductions to which petitioners are entitled for each of the years here in issue, and (3) whether respondent properly determined additions to tax under sections 6651(a) and 6653(a). FINDINGS OF FACT Some of the facts were stipulated and they are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner Arthur Louis LeBeau, Jr. (hereinafter petitioner), an individual, resided in Fenton, Missouri, at the time of the filing of his petition in this case. On August 13, 1975, he filed joint income tax returns for each of the taxable years 1972, 1973, and 1974. No extensions of time within which to file returns were granted for any of the years in issue. Reasonable cause did not exist for the untimely filing of the returns for 1972 and 1973, the years for which section 6651(a) additions to tax were imposed. Petitioner and Mary C. LeBeau were formerly married, having been divorced on August 1, 1975. [1] Although Mary C. LeBeau was listed as petitioner's spouse on each of the returns, her signature does not appear on any of them. In the statutory notice of deficiency, respondent *18 determined that petitioner was not entitled to a $ 750 personal exemption for his spouse for each of the taxable years. Respondent has now conceded that petitioner was entitled to the claimed exemptions, and we so find. Petitioner Art LeBeau & Associates, Inc. (hereinafter ALA) is a corporation which had its legal residence in St. Louis, Missouri, when its petition was filed herein. Petitioner was ALA's sole shareholder and president during the years in issue. ALA used a cash basis method of accounting and it filed its corporate income tax returns for the fiscal years in issue as follows: FYE Sept. 30
Return Filed
1971
Sept. 27, 1974
1972
Sept. 27, 1974
1973
Sept. 27, 1974
1974
Jan. 30, 1975
Reasonable cause did not exist for the untimely filing of these returns. During the years involved ALA was in the business of selling builders specialty items. Chris Erection Co., a sole proprietorship of petitioner, installed items sold *19 by ALA. L & L Building Co. (hereinafter L & L) is a partnership which owned and managed property which was occupied by ALA and other tenants. Petitioner and his brother each had a 50-percent interest in L & L during 1973. L & L filed a partnership return for 1973 on August 13, 1975. ALA had a cash-receipts-and-disbursements journal and a payroll journal. It did not maintain any general ledger or balance sheet accounts. "Balance sheets" which appear on ALA's corporate income tax returns were inaccurate and did not properly reflect assets and liabilities. Due to the inadequacy of ALA's records, respondent audited ALA by examining and reconciling its cash receipts and disbursements journal, payroll journal, canceled checks, bank statements, deposit slips, and payroll tax returns. Adjustments to the following items reported on ALA's tax returns were determined in the notice of deficiency: Taxable Year Ended September 30, 1971
Item
As Reported
As Corrected
Difference
Gross receipts
$ 324,994.93
$ 323,849.26
$ (1,145.67)
Materials purchased
232,188.32
226,908.28
5,280.04
Freight expenses
2,109.36
570.36
1,539.00
Salary expenses
28,575.00
23,175.00
5,400.00
Depreciation expenses
1,289.11
159.11
1,130.00
Office expenses
0
3,680.29
(3,680.29)
Sales promotion expenses
1,602.73
172.73
1,430.00
Auto expenses *
3,901.40
0
3,901.40
*20 Taxable Year Ended September 30, 1972
Item
As Reported
As Corrected
Difference
Gross receipts
$ 286,016.44
$ 301,226.58
$ 15,210.14
Commissions
9,180.11
9,465.45
285.34
Materials purchased
167,046.85
172,326.89
(5,280.04)
Labor expenses
64,504.78
52,414.12
12,090.66
Salary expenses
41,276.50
34,239.40
7,037.10
Interest expenses
871.17
266.00
605.17
Depreciation expenses
1,306.51
266.51
1,040.00
Office expenses
0
145.58
(145.58)
Travel and entertainment
expenses
658.14
608.14
50.00
Sales promotion expenses
2,930.39
678.46
2,251.93
Miscellaneous expenses
100.00
0
100.00
Auto expenses
6,128.31
613.54
5,514.77
Net operating loss
carryover deduction
2,294.59
0
2,294.59
Taxable Year Ended September 30, 1973
Item
As Reported
As Corrected
Difference
Gross receipts
$ 323,225.89
$ 335,214.15
$ 11,988.26
Labor expense
51.507.60
50,940.53
567.07
Salary expense
48,044.00
43,205.00
4,839.00
Depreciation expenses
1,665.77
775.77
890.00
Sales promotion expenses
3,903.29
1,875.75
2,027.54
Auto expenses
8,583.06
1,782.45
6,800.61
Net operating loss
carryover deduction
4,300.01
0
4,300.01
*21 Taxable Year Ended September 30, 1974
Item
As Reported
As Corrected
Difference
Salary expense
$ 38,493.34
$ 35,225.88
$ 3,267.46
Depreciation expenses
2,726.16
1,836.16
890.00
Sales promotion expenses
3,654.99
0
3,654.99
Auto expenses
5,275.42
0
5,275.42
Net operating loss
carryover deduction
3,608.26
0
3,608.26
Respondent conceded on brief that ALA is entitled to additional deductions of $ 567.07 for labor charges in 1973 and $ 1,978.10 of sales promotion in 1974, and we so find. Part of the adjustment to ALA's deduction for labor expenses for 1972 involved the disallowance of a $ 5,000 amount paid in partial payment of a franchise fee. In late 1974 and early 1975, ALA attempted to recover this amount from the payee. One area with respect to which petitioner offered some evidence concerns expenses relating to petitioner's use of an automobile furnished by ALA for which ALA deducted various amounts. In each of the years in issue, respondent made adjustments to ALA's claimed deductions for depreciation and automobile expenses, which adjustments principally involved the disallowance of any deduction for petitioner's use of *22 the automobile furnished by ALA. Petitioner used this automobile for both business and personal purposes, including commuting between home and work. In addition, business use of the automobile included overnight trips away from home. One-third of the expenses claimed related to petitioner's business use of the automobile, other than for overnight trips away from home, and a deduction for that amount will be allowed. Part of the underpayment of tax for each of ALA's taxable years in issue was due to negligence or intentional disregard of rules and regulations. The adjustments made by respondent with respect to petitioner's income tax returns principally involved various receipts and expenses of petitioner's sole proprietorship, Chris Erection Co. Adjustments to the following items reported on petitioner's tax returns were determined in the notice of deficiency. Taxable Year 1972
Item
As Reported
As Corrected
Difference
Bad debt expenses
$ 250.00
$ 0
$ 250.00
Industry fund expenses
177.41
165.03
12.38
Association expenses
50.00
20.00
30.00
Stevens & Noovan expenses
1,322.00
1,675.79
(353.79)
Stoecher Cola expenses
238.90
249.55
(10.65)
Rental property--depreciation
expenses
787.50
630.00
157.50
Gain--sale of real property
4,274.78
2,638.39
(1,636.39)
Constructive dividend
income--ALA *
0
900.00
900.00
Gain--sale of limited
Partnership interest
0
135.52
135.52
*23 Taxable Year 1973
Item
As Reported
As Corrected
Difference
Gross receipts
$ 43,726.53
$ 44,726.53
$ 1,000.00
Union fringe benefit expenses
4,537.81
4,497.81
40.00
Stevens & Noovan expenses
552.92
536.80
16.12
Stoecher Cola expenses
323.20
369.60
(46.40)
Bank charges and misc.
expenses
162.25
148.33
13.92
Rental property--depreciation
expenses
787.50
630.00
157.50
Constructive dividend
income--ALA *
0
4,510.00
4,510.00
Loss from--L & L **
(1,630.17)
(848.20)
781.47
Interest income
0
54.11
54.11
Medical expense ***
604.61
411.79
192.82
*24 Taxable Year 1974
As Reported
As Corrected
Difference
Bad debt expenses
$ 60.00
$ 0
$ 60.00
Union fringe benefit expenses
2,624.49
2,994.92
(370.43)
Industry fund expenses
151.30
171.35
(20.05)
Bank charges and misc.
expenses
80.09
30.09
50.00
Repair expenses
0
587.51
(587.51)
Freight expenses
0
59.29
(59.29)
Rental property--depreciation
expenses
787.50
630.00
157.50
Constructive dividend
income--ALA *
0
147.00
147.00
Interest income
0
92.18
92.18
Part of the underpayment of tax for each of petitioner's taxable years in issue was due to negligence or intentional disregard of rules and regulations. OPINION The principal issue in this case concerns whether petitioner has satisfied his burden of showing that respondent's determinations were incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). The Findings of Fact contain the adjustments which we have found to be required. For the most part, our findings coincide with respondent's determinations in the statutory notices of deficiency and with respondent's concessions. *25 As to most of the particular items in issue, petitioner introduced no evidence other than to testify generally that respondent's determinations were incorrect. [2] Not only is such testimony generally of little value in overcoming the presumption of correctness which attaches to the determinations, it was of no value in this case where the revenue agent who examined ALA's and petitioner's returns testified that most of the adjustments he made were based on entries contained in ALA's books and records and in bank accounts of both petitioner and ALA, which testimony was not disputed by petitioner. The revenue agent also testified specifically concerning why and how most of the adjustments were made. Moreover, the agent's workpapers, the sources of which were ALA's and petitioner's own books and records, were introduced and explained by him and they supported his adjustments, for the most part. One item on which petitioner gave some detailed testimony was the payment of a $ 5,000 franchise fee which ALA deducted *26 as a labor expense in 1972. Although he acknowledged that it was not properly deductible as a labor expense, he nonetheless argued that the amount was deductible since the company to which the amount was paid went out of business and that ALA was, in effect, defrauded. While a loss deduction for the fee may be allowable, there is no evidence that it was deductible in any taxable year before the Court. Subsequent to ALA's taxable year ended September 30, 1974, efforts were still being made to recover the $ 5,000. Based on the record before us, we cannot say that a deductible loss occurred during a taxable year at issue. As previously mentioned, the area in which our findings differ from respondent's determinations concerns the allowance of deductions by ALA for petitioner's business use of an automobile furnished by ALA. Respondent disallowed any depreciation or business expense deductions for the use of this automobile due to the absence of any records which would satisfy the section 162 and 167 requirements that business use by separated from personal use. Moreover, petitioner, in an attempt to explain how he drove as many business miles as he claimed, testified that the *27 automobile was also used when making overnight business trips away from home. Thus, unbeknownst to petitioner, his testimony brought the stricter substantiation requirements of section 274(d) into consideration. Despite the general inadequacy of petitioner's evidence, it is clear, as respondent recognizes on brief, that petitioner used the automobile for valid business transportation, the expenses of which are not subject to the substantiation requirements of section 274(d). It is also clear that no deduction can be allowed for expenses for the overnight business trips away from home. Section 274(d). In evaluating petitioner's testimony and the above factors, we determined, and allowed in the findings, that petitioner is entitled to a deduction equal to one-third of the disallowed amount for local business transportation, an outside limit suggested by respondent on brief. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Petitioner filed joint income tax returns for each of the years at issue on August 13, 1975. [3] Mary C. LeBeau was listed on each of the returns as petitioner's spouse, although she did not sign any of the returns. *28 The failure of one spouse to sign a return is not necessarily fatal to a finding of a joint return if both spouses intended a joint return to be filed. Hennen v. Commissioner,35 T.C. 747 (1961). There is no evidence of record, however, to show that Mary C. LeBeau intended a joint return to be filed. Although Mary C. LeBeau testified at the trial of this case, she was never asked about petitioner's returns. Accordingly, we conclude the returns filed by petitioner were not joint returns and petitioner's tax liability must be computed on the basis of a married individual filing separately. Section 6651(a) Additions to Tax
Respondent determined section 6651(a) additions to tax for each of ALA's taxable years in issue and for petitioner's taxable years 1972 and 1973. Section 6651(a) provides for an addition to tax if a return is not timely filed and reasonable cause does not exist for the failure to file a timely return. We have found as a fact that reasonable cause did not exist for either ALA's or petitioner's failure to file timely returns. ALA and petitioner have the burden of proving erroneous respondent's determination that section 6651(a) additions *29 to tax should be imposed. Ehrlich v. Commissioner,31 T.C. 536, 540 (1958). No evidence was introduced concerning why ALA or petitioner failed to file timely returns. While we are cognizant of petitioner's personal problems during the period involved and how the stress of such problems would have adversely affected his business, such problems do not excuse the delays involved. Accordingly, we sustain the imposition of these additions to tax. Section 6653(a) Additions to Tax
Respondent also determined section 6653(a) additions to tax for each of ALA's and petitioner's taxable years in in issue. Section 6653(a) provides for an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. We have found as a fact that a part of the underpayment of tax in each of ALA's and petitioner's taxable years was due to negligence or intentional disregard of rules and regulations. ALA and petitioner have the burden of proving that section 6653(a) additions to tax should not be imposed. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Again, petitioner and ALA failed to introduce any *30 evidence concerning these additions to tax. The stress of petitioner's personal problems does not negate the negligent manner in which petitioner and ALA accounted for business transactions. Accordingly, we sustain the imposition of these additions to tax. In summary, we approve all of the adjustments made in the notices of deficiency for both petitioners except the adjustment for automobile expenses in docket No. 12318-77, with respect to which we find that ALA is entitled to deduct one-third of the amounts claimed on the returns, and except for the following items, which respondent has conceded on brief: Docket No. 12318-77
a) An additional $ 567.07 will be allowed for labor charges for 1973; b) An additional $ 1,978.10 will be allowed for sales promotion for 1974; [4]
Docket No. 12316-77
a) Petitioner will be allowed to deduct exemptions for his wife for each of the years 1972, 1973 and 1974. Decisions will be entered under Rule 155. Footnotes
1. Petitioner and Mary C. LeBeau separated in June 1973 and Mary C. LeBeau commenced a divorce action on August 2, 1973. A decree of dissolution was filed in St. Louis County, Missouri, Circuit Court on August 1, 1975.↩
*. On the return this expense was erroneously labeled as an office expense.↩
*. A dividend exclusion of $ 100 is allowable for each of the years since constructive dividends existed in each year.↩
*. See 1972. ** In the statutory notice of deficiency, the figures shown in the "As Corrected" and "Difference" columns were transposed. In fact, the correct amount of the loss from the L & L partnership was $ 781.47, thus requiring a $ 848.20 adjustment to income. Respondent, however, makes no claim for a greater deficiency as a result of this transpositional error. Accordingly, the deficiency in tax will be computed based on a $ 781.47 adjustment to income, as reflected in the table. *** This adjustment was an automatic result of respondent's other adjustments which increased petitioner's adjusted gross income.↩
*. See 1972.↩
2. Neither did petitioners file a brief discussing the specific adjustments made in the notices of deficiency, many of which, incidentally, were favorable to petitioners.↩
3. The dissolution of petitioner's marriage to Mary C. LeBeau on August 1, 1975, prior to the filing of the joint returns for 1972, 1973 and 1974 would not preclude the filing of joint returns for those earlier years since the status of two taxpayers as husband and wife is generally determined as of the close of the taxable year at issue. Sec. 6013(d)(1); Sec. 1.6013-4(a), Income Tax Regs.↩
4. The additional auto expense in the amount of $ 493.43 for 1974 conceded by respondent is absorbed in the allowance of one-third of the amount claimed.↩