RALPH O. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; PHYLLIS L. BAKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket Nos. 15411-79, 15412-79.
United States Tax Court
T.C. Memo 1981-691; 1981 Tax Ct. Memo LEXIS 51; 43 T.C.M. (CCH) 11; T.C.M. (RIA) 81691; December 3, 1981. *51 Petitioner-husband filed two preprinted documents with respondent. The Form 1040 portion of the first document was signed under penalties of perjury. On the document, petitioner-husband disclosed his name, address, social security number, occupation, filing status, and number of personal exemptions claimed. The lines relating to amounts of tax, tax payments, and credits contain the word "NONE"; the remaining lines contain references to a variety of constitutional objections. The second document differs from the first primarily in that the second document (a) is unsigned, (b) has petitioner-husband's Form W-2 attached, and (c) has constitutional objections in those places where the first document has NONE. Petitioner-husband received compensation during the year; petitioners lived in Louisiana, a community property State, throughout the year; petitioner-wife filed no income tax return for the year. Held: (1) Petitioners are liable for income tax deficiencies. (2) The documents filed by petitioner-husband do not constitute "returns"; additions to tax imposed under section 6651(a)(1) (failure to file return), I.R.C. 1954. (3) Additions to tax imposed under section 6653(a) (negligence), *52 I.R.C. 1954. Ralph O. Baker and Phyllis L. Baker, pro se. Alan H. Kaufman, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6651(a) [1] (failure to file return) and 6653(a) (negligence) against petitioners for 1977, as follows: Additions to Tax
Petitioner
Docket No.
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Ralph O. Baker
15411-79
$ 1,301
$ 325.25
$ 65.05
Phyllis L. Baker
15412-79
1,301
325.25
65.05
These cases have been consolidated for trial, briefs, and opinion. The issues for decision are: (1) whether each petitioner is liable for an income tax deficiency; (2) whether each petitioner is liable for an addition to tax under section 6651(a)(1); and (3) whether each petitioner is liable for an addition to tax under section 6653(a). FINDINGS OF FACT These cases have been submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petitions in these cases were *53 filed, petitioners Ralph O. Baker (hereinafter sometimes referred to as "Ralph") and Phyllis L. Baker (hereinafter sometimes referred to as "Phyllis"), husband and wife, resided in Marrero, Louisiana. During the entire year 1977, petitioners were married to each other and were residents of Louisiana, a community property State. In 1977, Ralph was employed by Combustion Engineering, Inc., and received $ 18,390.12 as compensation. On March 27, 1978, respondent received a six-page preprinted document from Ralph which was entitled "PETITION FOR REDRESS OF GRIEVANCES". The first and second pages of the document consist of a modified 1975 Form 1040 with various constitutional objections printed in the margins. The first page was signed by Ralph under penalties of perjury and is dated February 2, 1978; it shows Ralph's name, address, social security number, occupation, filing status of married filing separately, and exemptions for himself, his spouse, and three dependent children. The lines on the Form 1040 relating to amounts of tax, tax payments, and credits contain the word "NONE"; the remaining lines contain two asterisks which are explained in the margin as objections under the *54 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 16th Amendments to the United States Constitution. Ralph signed the first two of the preprinted pages after the Form 1040. The first signed page is an affidavit about Ralph's understanding as to the conviction of one W. Vaughn Ellsworth and as to Ralph's rights under the Fifth Amendment. The second signed page is an "Affidavit of My Understanding of a United States 'Dollar'". On April 28, 1978, respondent received a second document from Ralph--a modified 1977 Form 1040, with "AMENDED" handwritten at the top of the first page and containing the same objections printed in the margins as the first document. The second Form 1040 is unsigned and undated; it also shows Ralph's name, address, social security number, occupation, filing status of married filing separately, and exemptions for himself, his spouse, and three dependent children. All other lines on the first page contain one or two asterisks which are explained in the margin as making the same objections as designated by the two asterisks in the first document. All the lines on the second page are blank. Attached to the second Form 1040 is Ralph's Form W-2 for 1977 from *55 Combustion Engineering, Inc. This form does not show any amount in the block for Federal income tax withheld. Phyllis did not file an income tax return for 1977. Separate notices of deficiency were issued by respondent to Ralph and Phyllis based on respondent's determination that neither petitioner had filed an income tax return for 1977. In these notices, respondent determined that each petitioner (1) had gross income in the amount of $ 9,195.06 for 1977 as a result of each petitioner's community one-half share of Ralph's compensation for that year, (2) was entitled to one personal exemption, [2] (3) had a filing status of married filing separately, (4) had not shown that his or her respective failure to timely file an income tax return for 1977 was due to reasonable cause, and (5) had an underpayment of tax which was due to negligence or intentional disregard of rules and regulations. Neither of the documents filed by Ralph for 1977 constitutes a Federal income tax return. OPINION I. Deficiencies in Income Tax
Petitioners do not *56 dispute that Ralph received $ 18,390.12 as compensation for services during 1977, but instead claim such compensation is not taxable income because it was paid in Federal Reserve Notes. Therefore, petitioners assert, they were not required to file income tax returns for 1977 and they did not underpay their income tax for that year. Petitioners also claim that the requirement that they report their incomes on Federal income tax returns violates their Fifth Amendment privilege against self-incrimination. Respondent contends that petitioners' arguments are clearly frivolous and petitioners have failed to show that respondent's determinations in the notices of deficiency were erroneous. We agree with respondent. Under section 61(a), [3] *57 petitioners are required to include in gross income for 1977 the compensation [4] they received in that year. Since we have found that Ralph received $ 18,390.12 as compensation in 1977, and petitioners resided in a community property State, we conclude that each petitioner had income subject to tax in 1977. Federal Reserve Notes received as compensation are includible in income. Petitioners' argument to the contrary is, by now, frivolous. E.g; White v. Commissioner, 72 T.C. 1126, 1128-1129 (1979), and cases cited therein. By arguing that the notices of deficiency should be discarded as "proposals" because a proceeding in this Court is a proceeding de novo, petitioners are, in essence, asking the Court to "look behind" the notices of deficiency. While it is true that this Court proceeds on the basis of a trial de novo (e.g., Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324 (1974)), respondent's determinations in the notice of deficiency as to matters of fact are presumed to be correct and petitioners bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. *58 Such evidence as has been stipulated supports respondent's determination. We also reject petitioners' Fifth Amendment self-incrimination claims. The privilege against self-incrimination may be invoked only when an answer to the question posed would expose the petitioner to a real danger of prosecution; remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to justify a failure to respond. E.g., McCoy v. Commissioner, 76 T.C. 1027, 1029 (1981), on appeal (CA9 Sep. 15, 1981), and cases cited therein. Petitioners have presented no evidence indicating a reasonable basis for fearing that their tax return information would tend to incriminate them. We conclude that petitioners' Fifth Amendment claims do not excuse petitioners from reporting their compensation income, nor do they excuse petitioners from their obligation to bear the burden of proof. On brief, petitioners assert, for the first time, that they are entitled to unspecified deductions. Since petitioners did not present any evidence on this point and since mere statements on brief do not constitute evidence ( Evans v. Commissioner, 48 T.C. 704, 709 (1967); Rule 143(b), Tax Court Rules of Practice and Procedure), *59 we conclude that petitioners have not established their entitlement to any deductions in excess of the zero bracket amount. On this issue, we hold for respondent (except for the modification that follows from the stipulation referred to in note 2, supra). II. Section 6651(a)(1) Additions to Tax
An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1) [5] *60 unless it is shown that such failure was due to reasonable cause and not due to willful neglect. Petitioners have the burden of proving error in respondent's determinations that additions to tax should be imposed against each petitioner under section 6651(a)(1). Ehrlich v. Commissioner, 31 T.C. 536, 540 (1958). Our findings lead us to conclude that each petitioner received more than $ 9,000 of gross income in 1977. Under these circumstances, each petitioner was clearly required to file an income tax return for that year (sec. 6012(a)(1)(A)). Under settled law, the first document received by respondent from Ralph, a document from which petitioners' income tax liability cannot be computed, is not an income tax return for purposes of section 6651(a)(1). E.g., Reiff v. Commissioner, 77 T.C.     (Nov. 30, 1981), and cases cited therein. Similarly, the second document received by respondent from Ralph is not an income tax return for purposes of section 6651(a)(1). To file a valid return, the taxpayer must sign and verify the return under penalties of perjury. White v. Commissioner, 72 T.C. at 1130. Ralph's second document was unsigned and so cannot satisfy this requirement for a return. Thus, we need not consider whether the attachment of Ralph's Form W-2 for 1977 to the second document would be a sufficient disclosure of financial information *61 for the second document to be considered an income tax return. Compare Reiff v. Commissioner, supra . Petitioners argue that reasonable cause for not filing their income tax returns existed, on the ground that they were presenting constitutional objections. This argument is without merit; efforts to vindicate asserted constitutional rights do not automatically excuse failures to satisfy one's legal obligations. See in particular United States v. Daly, 481 F.2d 28, 30 (CA8 1973). On this issue, we hold for respondent. III. Section 6653(a) Additions to Tax
An addition to tax under section 6653(a) [6] *62 is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioners have the burden of proving error in respondent's determinations that additions to tax should be imposed against each petitioner under section 6653(a). Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). For 1977, each petitioner has an underpayment [7] *63 equal to his or her redetermined deficiency in income tax. Petitioners have failed to carry their burden of proof. On this issue, we hold for respondent. Finally, petitioners, on brief, ask the Court to award to them the costs and fees they incurred in connection with this litigation. This Court has no jurisdiction to award costs of this sort to a petitioner. Key Buick Co. v. Commissioner, 68 T.C. 178 (1977), affd. 613 F.2d 1306 (CA5 1980). Accordingly, we dismiss petitioners' claims for litigation costs and fees. In view of the parties' stipulation described in note 2, supra, Decisions will be entered under Rule 155. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.↩
2. The parties have stipulated that Ralph is entitled to two additional personal exemptions and Phyllis is entitled to one additional personal exemption.↩
3. SEC. 61. GROSS INCOME DEFINED. (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; ↩
4. It is well-established that compensation for services, in whatever form received, is includible in gross income. Commissioner v. Duberstein, 363 U.S. 278 (1960); Old Colony Tr. Co. v. Commissioner, 279 U.S. 716↩ (1929).
5. SEC. 6651. FAILURE TO TILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.
6. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. [The subsequent amendments of this provision (by sec. 101(f)(8) of the Crude Oil Windfall Profit Tax Act of 1980, Pub. L. 96-223, 94 Stat. 229, 253, and by sec. 722(b)(1) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 342) do not affect the instant cases.]↩
7. SEC 6653. FAILURE TO PAY TAX. (c) Definition of Underpayment.--For purposes of this section, the term "underpayment" means-- (1) Income, estate, gift, and certain excise taxes.--In the case of a tax to which section 6211 (relating to income, estate, gift, and certain excise taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing) * * *