JAMES T. PRATHER AND SHIRLEY M. MOSELEY, FORMERLY SHIRLEY M. PRATHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prather v. Commissioner
Docket No. 9864-76.
United States Tax Court
T.C. Memo 1982-467; 1982 Tax Ct. Memo LEXIS 280; 44 T.C.M. (CCH) 838; T.C.M. (RIA) 82467; August 10, 1982. *280 Held: (1) The notice of deficiency was mailed less than three years after the returns were filed for the years in issue; assessments are not barred by the statute of limitations. Sec. 6501(a), I.R.C. 1954. (2) Loss on the bankruptcy of petitioners' corporation is a long-term capital loss; limited amounts of deductions are allowed against ordinary income for each of the years in issue. Secs. 1211(b), 1212, I.R.C. 1954. (3) Amounts of moving expense deduction determined. (4) Additions to tax imposed for late filing. Sec. 6651(a), I.R.C. 1954. James T. Prather and Shirley M. Moseley, pro se. Douglas R. Fortney, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to *282 tax against petitioners under sections 6651(a)[1] (late filing) and 6653(a) (negligence) as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1970
$1,074.45
$53.72
1971
11,298.74
$2,824.69
564.94
1972
4,238.73
760.06
211.94
After settlement of several issues, [2] the issues for decision are as follows: (1) Whether the statute of limitations bars assessment of deficiencies against petitioners; (2) What the tax character is of petitioners' loss on the bankruptcy of their corporation; (3) What the amount is of their deductible moving expenses; and (4) Whether petitioners are liable for additions to tax for failure to *283 timely file income tax returns. FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners James T. Prather (hereinafter sometimes referred to as "Prather") and Shirley M. Moseley (hereinafter sometimes referred to as "Moseley") resided in Dallas, Texas. During the years in issue, petitioners were husband and wife. A 1970 tax return in petitioners' names was received by respondent's agent on August 28, 1973. A 1971 tax return in petitioners' names was filed on July 13, 1976. A 1972 tax return in petitioners' names was received by respondent's agent on August 8, 1973. On August 3, 1976, respondent sent to petitioners a notice of deficiency via certified mail determining the deficiencies and additions to tax set forth supra.
In 1963, petitioners formed Lafayette Office Equipment Co., Inc. (hereinafter sometimes referred to as "the Corporation"), to buy an existing office supply and equipment business in Lafayette, Louisiana. The Corporation bought the business on August 29, 1963, for about $75,000. Petitioners contributed *284 $1,000 to the Corporation for all of its stock. From 1963 to 1969 Prather, or petitioners together, transferred an additional $198,000 to the Corporation, in amounts ranging from $10,000 to $50,000, for hich the Corporation gave him, or them, its promissory demand notes. Most of these amounts had been borrowed by Prather, or petitioners together, from a bank or from one or both of Prather's parents. Although the Corporation's notes provided for interest, the Corporation did not pay interest on its notes. The Corporation paid a $25,000 debt of Prather, but otherwise did not pay off (either directly or indirectly) any of its notes to Prather, or to petitioners together. Thus, petitioners had a net investment of $174,000 ($1,000 plus $198,000 minus $25,000) in the Corporation. The Corporation was unable to borrow on its own account from a bank. On some occasions, the Corporation borrowed money from a bank when Prather guaranteed the loans. The common stock of the Corporation was petitioners' community property; it became wholly worthless in 1970, on account of the Corporation's bankruptcy. From the early 1960's to 1970, petitioners resided in Lafayette, Louisiana. In *285 August 1970, petitioners moved to Dallas, Texas. In 1971, Prather began a training program to become a West Coast regional manager for Telco Marketing Services, Inc. (herehinafter referred to as "Telco"). Prather was transferred by Telco to San Francisco, California, and his family moved there. Petitioners' moving expenses on this trip amounted to $3,800, of which $2,500 was reimbursed by Telco. In the summer of 1972, petitioners moved to Dallas; the moving expenses on this trip amounted to $4,310, none of which was reimbursed. OPINION I. Statute of Limitations
Petitioners contend [3] that assessments for the years in issue are barred by the statute of limitations. Respondent answers that the notice of deficiency was timely. *286 We agree with respondent. Section 6501(a)[4] provides the general rule that an assessment of tax must be made within three years after the tax return was filed. The tax returns for 1970, 1971, and 1972 were filed on August 28, 1973, July 13, 1976, and August 8, 1973, respectively. The notice of deficiency was sent on August 3, 1976, within three years after the filing of each of these tax returns. Thus, the notice of deficiency was timely as to each of the years in issue. We hold for respondent on this issue. II. Bankruptcy Loss
On the tax returns, taxable income in shown as "-0-", with references to the Corporation's bankruptcy. In their petition, petitioners maintain that they are entitled to recognize "a long term capital *287 loss of approximately $125,000 in 1970" on account of the Corporation's bankruptcy. Also, they claim that, for 1971, respondent "erred in failing to permit the petitioners to avail themselves of the provisions of § 1211 and § 1212 of the Internal Revenue Code." Although respondent disallowed in the notice of deficiency any deduction on account of the Corporation's bankruptcy, respondent now concedes that petitioners realized a long-term capital loss of $174,000 in 1970 on account thereof, and that petitioners are entitled to deduct this loss under the rules provided in sections 1211 and 1212. See, e.g., O. H. Kruse Grain & Milling v. Commissioner,279 F.2d 123 (CA9 1960), affg. a Memorandum Opinion of this Court. [5]
We agree with respondent's revised position. Petitioners have not shown that they are entitled to treat the $174,000 loss more favorably than as a long-term capital loss. Sec. 165(g)(1). See, e.g., Dorminey v. Commissioner,26 T.C. 940 (1956). Under paragraphs (1) and (2) of section 1211(b), [6] each of them is entitled to deduct no more than $500 (see n. 2, *288 supra) of this loss against ordinary income in any of the years in issue. We hold for respondent on this issue. III. *289 Moving Expenses
On the tax returns, no deduction was taken for moving expenses, nor was any such deduction claimed in the petition. However, the parties tried this issue by consent. Rule 41(b)(1), Tax Court Rules of Practice and Procedure.
Respondent concedes that petitioners are entitled to deduct moving expenses in the amounts of $1,300 for 1971 and $4,310 for 1972. Petitioners have not shown they are entitled to greater deductions. We hold for respondent on this issue. IV. Addition to Tax--Sec. 6651(a) (Late Filing)
An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1)[7] unless it is shown that such failure was due to reasonable cause and not due to willful neglect. Petitioners have the burden of proving error in respondent's determinations that additions to tax should be imposed. Ehrlich v. Commissioner,31 T.C. 536, 540 (1958). *290 Petitioners have failed to bear their burden of proof. We hold for respondent on this issue. To take account of the foregoing, including the conditional settlement agreed to by respondent and Moseley (see n. 2, supra), Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. The parties agree that petitioners are to be treated as not having filed joint returns. Respondent and petitioner Shirley M. Moseley have agreed to a conditional settlement that is to be given effect in the computation under Rule 155, Tax Court Rules of Practice and Procedure.↩ Respondent has conceded the additions to tax under section 6653(a).
3. Petitioners did not file briefs. (As part of their conditional settlement agreement (see n. 2, supra↩), Moseley and respondent agreed that Moseley did not need to file briefs.) Petitioners did not make any opening statement at their trial. We infer their position from their petition, as supplemented by trial testimony and tax returns. Petitioners appear to accept respondent's contention that their income and deductions are community property items.
4. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.↩
5. T.C. Memo. 1959-110↩.
6. SEC. 1211. LIMITATION ON CAPITAL LOSSES. (b) Other Taxpayers.-- (1) In general.--In the case of a taxpayer other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus (if such losses exceed such gains) whichever of the following is smallest: (A) the taxable income for the taxable year, (B) $1,000, or (C) the sum of-- (i) the excess of the net short-term capital loss over the net long-term capital gain, and (ii) one-half of the excess of the net long-term capital loss over the net short-term capital gain. (2) Married individuals.--In the case of a husband or wife who files a separate return, the amount specified in paragraph (1)(B) shall be $500 in lieu of $1,000. [The subsequent amendments of this provision (by sec. 1401(b) of the Tax Reform Act of 1976 (Pub. L. 94-455, 90 Stat. 1520, 1731) and sec. 102(b)(14) of the Tax Reduction and Simplification Act of 1977 (Pub. L. 95-30, 91 Stat. 126, 138)) do not affect the years in issue.]↩
7. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩