JOHN E. HARRIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 22372-81.
United States Tax Court
T.C. Memo 1982-736; 1982 Tax Ct. Memo LEXIS 7; 45 T.C.M. (CCH) 405; T.C.M. (RIA) 82736; December 27, 1982. *7 Held: Petitioner's wages and salary are income subject to taxation. Additions to tax are sustained. John E. Harris, pro se. Diane L. Worland, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiences in Federal individual income taxes and additions to tax under sections 6651(a)(1) [1] (failure to file timely return) and 6653(a) (negligence) against petitioner as follows: *8 Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1974
$1,176.00
$58.80
1975
1,562.00
$163.25
78.00
1976
698.91
164.73
34.95
1977
1,304.00
326.00
65.00
1978
1,620.00
404.25
81.00
1979
2,222.00
551.75
111.00
After concessions, the basic issue for decision is whether petitioner's wages, paid in Federal Reserve Notes, are properly subject to Federal income taxation. This case has been submitted on the basis of the pleadings, the parties' concessions, deemed admissions, and briefs. Petitioner received wage and salary income from the employers in the years and amounts indicated in table 1. Table 1 Year
Employer
Amount
1974
Travel Craft, Inc.
$8,322.54
1975
Travel Craft, Inc.
10,419.95
1976
Travel Craft, Inc.
2,124.93
1976
Crown International, Inc.
5,029.50
1977
Crown International, Inc.
10,352.29
1978
Crown International, Inc.
11,778.51
1979
Crown International, Inc.
14,527.28
Petitioner did not file Federal income tax returns for any of the years in issue. Under section 61(a)(1), [2] petitioner is required to include in gross income for any of the years in issue *9 the compensation he received for his services in that year. Petitioner's arguments to the contrary are unavailing for the following reasons: (1) The Sixteenth Amendment to the United States Constitution removed any requirement that income taxes be apportioned among the States in accordance with census or enumeration. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916). (2) Wages are income, taxable under the Internal Revenue Code. Habersham-Bey v. Commissioner,78 T.C. 304, 309 (1982), and cases there cited. (3) Federal Reserve Notes are money, generally taken into account at face value. Hellermann v. Commissioner,77 T.C. 1361 (1981). We hold for respondent as to the deficiencies. [3]
*10 An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1) unless it is shown that such failure was due to reasonable cause and not due to willful neglect. Petitioner has the burden of proving error in respondent's determinations that such an addition to tax should be imposed against him. Ehrlich v. Commissioner,31 T.C. 536, 540 (1958). A good-faith belief that one is not required to file a return does not constitute reasonable cause under section 6651(a)(1), unless bolstered by advice from competent tax counsel who has been informed of all the relevant facts. Stevens Bros. Foundation, Inc. v. Commissioner,39 T.C. 93, 133 (1962), affd. on this point 324 F.2d 633, 646 (CA8 1963). Petitioner has failed to bear his burden of proof. We hold for respondent on this issue. An addition to tax under section 6653(a) is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Petitioner has the burden of proving error in respondent's determinations that such an addition to tax should be imposed against him. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). *11 Petitioner has failed to carry his burden of proof. We hold for respondent on this issue. Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. SEC. 61. GROSS INCOME DEFINED. (a) GENERAL DEFINITION.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items;↩
3. Respondent concedes that the notice of deficiency overstated petitioner's 1977 income by $180. This concession is to be given effect in the computation of the 1977 deficiency and additions to tax under Rule 155, Tax Court Rules of Practice and Procedure.↩