JEFFREY M. VINZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vinz v. Commissioner
Docket No. 26528-82
United States Tax Court
T.C. Memo 1984-84; 1984 Tax Ct. Memo LEXIS 589; 47 T.C.M. (CCH) 1128; T.C.M. (RIA) 84084; February 22, 1984. *589 Held: Petitioner's compensation and interest (paid in Federal Reserve Notes) is income subject to taxation. Additions to tax are sustained. Jeffrey M. Vinz, pro se. Steven R. Guest, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent *590 determined deficiencies in individual income tax and additions to tax under sections 6651(a)(1) [1] (failure to file timely return) and 6653(a) (negligence, etc.) against petitioner as follows: Additions of Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
1979
$1,873
0
$94
1980
2,029
$88
101
The issues for decision are as follows: (1) Whether petitioner is taxable on compensation for his labor, and interest, such compensation and interest having been paid in Federal Reserve Notes. (2) Whether petitioner is liable for an addition to tax under section 6651(a)(1) (relating to failure to file a timely return). (3) Whether petitioner is liable for additions to tax under section 6653(a) (relating to negligence or intentional disregard of rules of regulations). The instant case has been submitted fully stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in the instant case was filed, petitioner resided in Hartford, Wisconsin. *591 During 1979 and 1980, petitioner performed labor for International Stamping Co., Inc., Hartford (hereinafter sometimes referred to as "Stamping"). In exchange for this labor, Stamping paid to petitioner in Federal Reserve Notes, $13,093 and $13,720, in 1979 and 1980, respectively. Petitioner's labors were worth at least as much as Stamping paid for them.Petitioner also received interest from the First National Bank of Hartford in the amount of $49 for 1979 and $52 for 1980. Petitioner did not file Federal income tax returns for 1979 and 1980. On or about April 4, 1979, petitioner filed with Stamping a Form W-4 (Employee's Withholding Allowance Certificate) showing that he claimed "O" allowances for withholding purposes and asking that Stamping withhold an additional $5 for each pay period. On or about November 13, 1979, petitioner filed with Stamping a Form W-4 on which he claimed he was exempt from withholding. On or about April 30, 1980, petitioner filed with Stamping a Form W-4 on which he claimed that he did not owe any Federal income tax for 1979, did not expect to owe any such tax for 1980, had a right to a full refund of any such tax that was withheld, and was exempt *592 from witholding. Notwithstanding the Forms W-4 of November 13, 1979, and April 30, 1980, $1,929 was withheld from petitioner's compensation in 1979 and $1,676 in 1980. Under section 61(a), [2] petitioner is required to include in gross income for any of the years in issue the compensation he received for his services, and the interest he received, in that year. Petitioner's arguments to the contrary are unavailing for the following reasons: (1) The Sixteenth Amendment to the United States Constitution removed any requirement that income taxes be apportioned among the States in accordance with a census or enumeration. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916); consequently, it removed the necessity of determining whether the tax was an excise imposed because the taxpayer exercised *593 a privilege (as in Flint v. Stone Tracy Co.,220 U.S. 107 (1911)). (2) Compensation for services is income, taxable under the Internal Revenue Code. Commissioner v. Duberstein,363 U.S. 278 (1960); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), on appeal (CA2, Sep. 13, 1983); Reiff v. Commissioner,77 T.C. 1169, 1173 (1981). (3) Federal Reserve Notes are money, generally taken into account at face value. Birkenstock v. Commissioner,646 F.2d 1185 (CA7 1981), affg. a Memorandum Opinion of this Court; [3]Hellermann v. Commissioner,77 T.C. 1361 (1981). We hold for respondent as to the deficiencies. An addition to tax for failure to file an income tax return when due is imposed under section 6651(a)(1) unless it is shown that such failure was due to reasonable cause and not due to willful neglect. Petitioner has the burden of proving error in respondent's determinations that such an addition to tax should be imposed against him. Ehrlich v. Commissioner,31 T.C. 536, 540 (1958). A good-faith belief that one is *594 not required to file a return does not constitute reasonable cause under section 6651(a)(1), unless bolstered by advice from competent tax counsel who has been informed of all the relevant facts. Stevens Bros. Foundation, Inc. v. Commissioner,39 T.C. 93, 133 (1962), affd. on this point 324 F.2d 633, 646 (CA8 1963). Petitioner has failed to bear his burden of proof. We hold for respondent on this issue. [4]
An addition to tax under section 6653(a) is imposed if any part of any underpayment of tax is due to negligence of intentional disregard of rules or regulations. Petitioner has the burden of proving error in respondent's determination that such an addition to tax should be imposed against him. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner has failed to carry his burden of proof. We hold for respondent on this issue. Decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. Section 61 provides, in relevant part, as follows: SEC. 61. GROSS INCOME DEFINED. (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; * * * (4) Interest;↩
3. T.C. Memo. 1979-201↩.
4. In accordance with section 6651(b)(1), petitioner has been given credit for the amounts of income tax withheld from his compensation, in applying section 6651(a)(1).↩